UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM, LLC, *et al.*, | Bankruptcy Case: 24-90213 |
| Debtors.[1] | Case No.: 4:25-cv-01584 |

# APPELLANTS' MOTION TO EXCEED PAGE LIMIT

Dr. Manisha Purohit, Dr. Diane Paggioli, Dr. James Thomas, Dr. Thomas Ross, Dr. Michael Regan, Dr. Peter Lydon, and Dr. Sridhar Ganda, Dr. A. Ana Beesen, Dr. Benjoy Zachariah, Dr. Barry Arkin, Dr. Bruce Kriegel and Dr. Gary Miller, for themselves and others similarly situated ("**Appellants**"), move for leave to exceed this Court's page limit for their emergency motion for stay pending appeal ("**Motion**") of the *Order (I) Directing Trustees to Turn Over and Deliver Trust Assets or Proceeds Thereof to the Debtors; (II) Authorizing the Debtors to Exercise Ownership Rights Over Such Assets; (III) Authorizing Termination of Trusts; and (IV) Granting Related Relief* ("**Turnover Order**") that the United States Bankruptcy Court for the Southern District of Texas [Houston Division] ("**Bankruptcy Court**") entered on April 2, 2025.  24-90213, ECF 4418  In support of this Motion, Appellants respectfully state the following:

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

Debtors' attempt to manufacture a page-limit issue—without any showing of prejudice and in the face of compressed appellate deadlines they insisted on—is a tactical move designed to obstruct rather than engage. It is s a meritless distraction that underscores their broader strategy of procedural gamesmanship at every turn.

Debtors' opening 6-line argument against the Motion is that the Court should strike it in its entirety or strike pages that exceed the Court's page limit because Appellants did not obtain leave of Court first to file it. ECF 10 at 12.[2] In developing its argument, Debtors do not complain of inadequate time to respond to the Motion and instead criticize it for being mostly irrelevant and unnecessary. Because of the procedural posture of this case and the administrative and procedural difficulties that have been imposed upon Appellants at every turn, Appellants respectfully request that the Court reject the request to strike any part of the brief.

First, the Bankruptcy Court reduced the 14-day administrative stay typically provided to seek review or a stay pending appeal to 9 days stating that "if nothing happens upstairs, then the order goes effective and it is what it is" at 11:59 p.m. on Friday, April 11. Supplemental Decl. of R. Keach [ECF 7] at 80:15-20. The Oral Decision concluded after 5:00 p.m. on Wednesday, April 2, 2025. *Id.* at 3:1; 81:3. The very next morning, Appellants filed their Notice of Appeal and began taking as extreme efforts as possible to (1) obtain a District Court assignment and (2) a copy of the Oral Decision while trying to

---

[2] Unless otherwise stated, ECF numbers are to this appeal's docket number, Case No.: 4:25-cv-01584

do what the Bankruptcy Rules traditionally give 14 days to do in 9 days. Case No. 24-bk-90213 [ECF 4421] (NOA); *see* 24-bk-90213 [ECF 4436] (Motion to Reinstate 14-day Administrative Stay); [ECF 4437] (Hogue Decl. in support outlining efforts to obtain case assignment and decision transcript). On Monday morning, April 7, 2025, Appellants made an emergency request to the Bankruptcy Court to extend the administrative stay to the full 14 days typically provided stating that Appellants had not yet obtained a case assignment or a transcript of the Oral Decision which it needed. 24-bk-90213 [ECF 4436] (Motion to Reinstate 14-day Administrative Stay); [ECF 4437] (Hogue Decl. in support). Debtors stated their intent to object to that relief. No objection was filed that morning. Appellants did not receive any notice from the Bankruptcy Court regarding the emergency relief by the time Appellants received the notice of the case assignment happened. As soon as possible after the case was assigned, Appellants filed their Emergency Motion to Stay Pending Appeal, without the Oral Decision transcript. On Tuesday, April 8, 2025, the Court ordered Debtors to respond. Appellants considered the Motion accepted.

Second, the Motion comes on a very complicated procedural posture involving an adversary complaint asserting claims and causes of action under ERISA, implicating a motion to withdraw the reference, and involving a panoply of issues and problems concerning discovery and a full-blown evidentiary hearing under Section 542 of the Bankruptcy Code. The bulk of the Motion includes a description of that procedural posture and certain bedrock principles of ERISA law that are important for the full picture of how this appeal arrived in front of the District Court under circumstances where Appellants had less time than typically given to present their best case. Appellants had no time to request

3

a pre-filing motion to extend the page limit setting forth the good cause issues justifying an extended presentation or a streamlined presentation of the procedural posture and legal landscape on which the appeal arrives to this Court. Debtors have continually objected to providing Appellants time to do anything on this matter – be it the ordinary time to seek an stay pending appeal or the ordinary time to take and complete discovery under the adversary proceeding.

Third, Debtors' criticism in the response to the Motion is not a request for relief. Debtors have not moved to strike the Motion and have not submitted a proposed order for doing so. Debtors do not argue that the length of the Motion has prejudiced them in any way and believe the bulk of Appellants' presentation to be irrelevant or unnecessary. The Court need not strike then the Motion or any of its parts on account of fairness. Indeed, for the reasons stated above, fairness favors Appellants.

Finally, Appellants recognize the Court's requirements exist for the Court's convenience. On that front, Appellants have been operating under the threat of irreparable harm on an extremely short timetable in which Appellants had to act with incomplete information and an incomplete record while the transcript of the Oral Decision was still pending. Appellants' decision to file the Motion immediately was motivated out of a sense of urgency both to alert the Court of the issues on a timetable that would give Appellants any hope at obtaining the requested relief and in a way that provided Debtors notice and a real opportunity to be heard and respond. On these facts, Appellants respectfully submit that striking any or all of the Motion would be an extreme sanction. As the adage goes, if Appellants had more time the Motion could have been shorter. If the Court requires a

shorter presentation than the one presented to consider the Motion on its merits, Appellants would respectfully request an administrative stay of the Turnover Order and time to do so.

## CONCLUSION

Appellants respectfully request that this Court extend the page limits.

Dated: April 10, 2025

/s/ Brian R. Hogue
Allan B. Diamond, Esq.
Christopher D. Johnson, Esq.
Brian R. Hogue
Diamond McCarthy, LLP
909 Fannin Street, 37th Floor
Houston, TX  77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199
Email: adiamond@diamondmccarthy.com
chris.johnson@diamondmccarthy.com
brian.hogue@diamondmccarthy.com

Robert J. Keach, Esq., *admitted pro hac vice*
Lindsay K. Milne, Esq.
**BERNSTEIN, SHUR, SAWYER & NELSON**
100 Middle Street
P.O. Box 9729
Portland, ME  04104-5029
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
Email: rkeach@bernsteinshur.com
lmilne@bernsteinshur.com

*Counsel for the Appellants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically on April 10, 2025, through the Court's CM/ECF system to all parties registered to receive electronic notice.

*/s/ Brian R. Hogue*