Case 4:25-cv-01584   Document 15   Filed on 04/11/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| STEWARD HEALTH CARE SYSTEM, | § | |
| LLC, et al., | § | |
| | § | |
| Debtors. | § | CIVIL ACTION NO. 4:25-CV-01584 |
| | § | |
| | § | BANKRUPTCY CASE: 24-90213 |

# MEMORANDUM OPINION AND ORDER

This motion arises out of Steward Health Care System, LLC's jointly administered bankruptcy cases proceeding in the United States Bankruptcy Court for the Southern District of Texas. *See* No: 24-90213. Pending before the Court is Appellants' Emergency Motion for Stay Pending Appeal (Dkt. 2). Having considered the motion,[1] the response, the record, and the applicable law, the Court **DENIES** the Motion (Dkt. 2).

## I.   FACTUAL BACKGROUND

Steward Health Care System, LLC and certain of its affiliates ("Debtors") sponsored two deferred-compensation plans, of which Appellants are participants. (Dkt. 2 at p. 10). After Debtors filed for relief under Chapter 11 of the Bankruptcy Code, both plans were terminated. *Id*. The Debtors ultimately sought recovery of the assets of these plans, arguing in their motion ("Turnover Motion") that the assets were Debtors' property because the plans were exempt from the protections of the Employee Retirement Income Security Act

---

[1] The Court **GRANTS** Appellants' Motion to Exceed Page Limit (Dkt. 12).

("ERISA"). (*Id*. at p. 11). Appellants objected to the Turnover Motion and filed an adversary complaint to litigate the issue of ERISA protections. (*Id*. at p. 14).

After a contentious discovery process, the bankruptcy court held an evidentiary hearing on the Turnover Motion. (*Id*. at p. 24). The bankruptcy court granted the Turnover Motion and shortened the automatic 14-day stay under Bankruptcy Rule 6004(h) to a 9-day stay, rendering the order effective on April 11, 2025, at 11:59 p.m. *See* United States Bankruptcy Court for the Southern District of Texas, Case No: 24-90213, at Dkt. 4418. Appellants then moved for a stay of the Turnover Order pending an appeal, and the bankruptcy court denied the motion. (Dkt. 7 at p. 82).

The bankruptcy court reasoned in its denial that Appellants had not made a showing of a substantial likelihood to succeed on the merits of the appeal of the Turnover Order. (*Id*. at p. 80). Still, the bankruptcy court noted that "there is potential [] for irreparable injury if the money is used under prior court order authorizing use of cash and, therefore, creates an issue before someone can actually even get to a district court to ask for relief." (*Id*. at pp. 80 – 81). The court noted further that a stay would injure "the Debtor because the Debtor is going to, arguably, be without money to use and the Debtor is going to run out of cash." (*Id*. at p. 81). Finally, the bankruptcy court found that public interest supported the denial of the motion to stay because "Bankruptcy Courts aren't roving commissions to go do equity." *Id*.

## II.   LEGAL STANDARD

Under Rule 8007 of the Federal Rules of Bankruptcy Procedure, this Court may stay an order from the bankruptcy court pending an appeal. FED. R. BANKR. P. 8007(b)(1). A party must first move for a stay in the bankruptcy court before filing the same in this Court. FED. R. BANKR. P. 8007(a). The motion to stay the bankruptcy court's order must include (1) "the reasons for granting the relief requested and the facts relied on," (2) "affidavits or other sworn statements supporting facts subject to dispute," and (3) "relevant parts of the record." FED. R. BANKR. P. 8007(b)(3). The Court may condition relief on filing a bond or other security with the bankruptcy court. FED. R. BANKR. P. 8007(c).

## III.   ANALYSIS

The Court holds that Appellants' motion should be denied because they have failed to establish the necessary elements to support their motion. In determining whether to issue a stay pending appeal, the Court must consider: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *In re First S. Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987). The party requesting the stay must establish each of these elements. *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002) (citing *Arnold v. Garlock Inc.*, 278 F.3d 426, 438-

39 (5th Cir. 2001)). The Court finds that Appellants have not made a showing of irreparable injury. Accordingly, the motion must be denied.

Irreparable injury is that which "cannot be undone through monetary damages." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily against a claim of irreparable harm." *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925, 104 U.S. App. D.C. 106 (D.C. Cir. 1958)). Here, Appellants argue that—though their injury is monetary—it is nonetheless irreparable because Debtors will immediately spend the assets at issue and Appellants "may not succeed in recovering those funds—either due to legal obstacles or the transferees' creditworthiness." (Dkt. 2 at p. 29).

The Fifth Circuit recognizes that "[t]he absence of an available remedy by which the movant can later recover monetary damages … may [] be sufficient to show irreparable injury." *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 473 (5th Cir. 1985). Still, "simply showing some possibility of irreparable injury fails to satisfy the second factor." *Plaquemines Par. v. Chevron United States, Inc.*, 84 F.4th 362, 576 (5th Cir. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 420 (2009)). The Court finds that the potential for Appellants to fail in recovering the assets after a successful appeal due to "legal obstacles or the transferees' creditworthiness" is insufficient to demonstrate irreparable harm. By demonstrating only the mere possibility of irreparable injury,

Appellants have failed to establish a crucial element supporting a stay of the bankruptcy court's order, and the Court must deny the motion.

## IV.   CONCLUSION

For the above reasons, the Court finds that Appellants have failed to establish that they will suffer irreparable harm in the absence of the requested stay. Accordingly, the Court must **DENY** Appellants' Emergency Motion for Stay Pending Appeal (Dkt. 2).

SIGNED at Houston, Texas on April 11, 2025.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE