**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Greg Silbert**
+1 (212) 310-8846
Greg.Silbert@weil.com

BY ECF

February 17, 2026

The Honorable George C. Hanks, Jr.
United States District Court, Southern District of Texas
515 Rusk St., Rm. 6202
Houston, TX 77002

Re: *Steward Health Care Sys., LLC.*, No. 4:25-cv-01584

Dear Judge Hanks:

Debtors respectfully submit this response to Appellants' February 10, 2026, Notice of Supplemental Authority. Judge Rosenthal's *First Brands* decision is irrelevant to this appeal.

Appellants contend that *First Brands* supports their argument that "property interests cannot be adjudicated through a turnover motion brought under" 11 U.S.C. § 542. Ltr. at 1-2. But *First Brands* never mentions turnover motions or Section 542. It concerns a different motion under a different statute—a motion to "us[e] cash collateral without the consent of" interested creditors under 11 U.S.C. § 363. Ltr. Exh. A at 4.

Accordingly, *First Brands* had no occasion to consider—let alone overrule—the settled law holding that a turnover motion is proper where, as here, "the party holding the Debtors' property consented to the relief." *In re Alpha Nat. Resources, Inc.*, 554 B.R. 787, 799 (Bankr. E.D. Va. 2016); *see also* Debtors' Br. 28 (citing additional authorities). As the bankruptcy court in this case found, "the Trustees [who held the property] are not objecting" to the relief requested in the turnover motion so there was no need for an adversary proceeding. APPX_00935 (cited at Debtors' Br. 28).

Nor did *First Brands* address how Appellants in this case waived any right to demand an adversary proceeding by engaging in discovery on the turnover motion for months. Appellants waited until eight days before the hearing on the turnover motion to file their adversary complaint. As the bankruptcy court found, "requesting an adversary proceeding at this point … has been waived." Mar. 7 Hr'g Tr. 71:12-14 (quoted at Debtors' Br. 30).

*First Brands* also did not consider the lack of prejudice to Appellants in this case, who received fulsome discovery and participated in a two-day fact hearing at which the bankruptcy court heard from five live witnesses, admitted written testimony from six additional witnesses, and received hundreds of exhibits.

*See* Debtors' Br. 7. Appellants already received all the process they were entitled to and more. That is presumably why "Appellants expressed no hesitation about proceeding as a [turnover motion] rather than an adversary proceeding" (APPX_00920) until the hearing was about to begin.

Respectfully submitted,

/s/ Gregory Silbert

cc:   counsel of record (via ECF)